## Case No. 4,820.

FISHER v. HENDERSON et al.

[8 N. B. R. 175.][1]

District Court, S. D. Mississippi. Jan., 1873.

HILL, District Judge. This bill is filed by the complainant, as the assignee in bankruptcy of James Henderson, against Emily A. Henderson and her surviving trustee, to set aside a conveyance made by said bankrupt bearing date 25th of October, 1866, and filed for record on the 26th day of October, 1866, by which he conveyed to the trustees therein named the lands and personal property mentioned therein, and which, from the proof, embraced all his property, real and personal, except one hundred and forty-seven bales of cotton, a portion of which was then in New Orleans, and the remainder on the way to that city, for the alleged consideration of an indebtedness to his wife for land, slaves and other personal property, and mon-

---

[1] [Reprinted by permission.]

eys belonging to his wife, and appropriated by him to his own use; that the said James Henderson was then largely indebted and embarrassed in his pecuniary circumstances, and that said conveyance was collusively and fraudulently made, with the intent to hinder and delay the creditors of said James Henderson from collecting their just demands against him, and therefore void, and that said conveyance upon its face contains provisions in favor of the grantor which render the conveyance void in law as well as in fact.

Mrs. Henderson, by her answer, denies all collusion and fraud, insists that it was made in good faith and for a valuable consideration, being for real estate, personal property and money belonging to her, and received and appropriated by her husband, the grantor, as well as for the hire of her slaves and income of her estate, which it is insisted greatly exceeded in amount the value of the property conveyed to her. On this issue of fact made by the bill and answer, proof is submitted upon which this cause must be decided, as well as upon the validity of the conveyance as shown upon its face.

The last question presented will be first considered. It is claimed for complainant that the terms and provisions of this conveyance are inconsistent with the assumed consideration, namely: a conveyance to the wife or to trustees for her use, in payment of a debt due from the husband to the wife, and shows upon the face of the conveyance that it was a family arrangement, such as the husband could only make in good faith as a provision for his family out of his own means, without any legal claim upon the part of the wife.

The deed purports to convey the property to the trustees for the use of Mrs. Henderson, but gives to her no power of disposition over it during her lifetime, and not by will, without the consent of her trustees, while it reserves to the grantor, and gives to the trustees, or either of them—that is, reserves to the grantor the right, and gives to either of the trustees the power, to sell and convey any part of the property without the consent of Mrs. Henderson, whose means, it is claimed, purchased and paid for this very same property. These restrictions upon the power of disposition of the wife, of her own property, under the laws of this state, are inconsistent with the ideas of a sale to her; but it is insisted for Mrs. Henderson that her privy examination was not taken on the deed proved as to her, and that she is not barred by these restrictions. But whether that was or was not necessary to bind her, she is now a femme sole, claims under the deed, and is bound by its provisions.

The power reserved by James Henderson in this conveyance, to sell and dispose of this property, was evidently intended as a reservation of a benefit for himself, and therefore, upon well established principles, renders the conveyance void. This is still more apparent when it is found that no provision is made for the reinvestment of the proceeds or the continuance of the trust, as to such proceeds, or requiring the grantor to pay over the proceeds to the trustees; so that if this conveyance is not void for the restrictions upon Mrs. Henderson's disposition of that which, it is claimed, is hers, purchased with her own means, it certainly is by reason of the reservation made by the grantor.

If not void upon the face of the conveyance, is it void by reason of a fraudulent intent in the purpose of its execution? The proof shows that Henderson owed at that time about six thousand dollars; that suits were pending against him which he had manifested an unwillingness to pay, and would probably ripen into judgments in December following: this created a motive to place his property out of the reach of an execution. The conveyance of his whole property is an indication of a fraudulent intent, but it is said that this he did not do; that he then owned cotton of more than twice the value of all his indebtedness. This cotton, however, was either then or soon after removed to New Orleans, out of the reach of the process of the courts in which judgments were expected to be rendered, and there is another significant fact, that is, that there is no evidence that a single dollar of the proceeds of this cotton ever went to pay his debts, but was employed in the name of his wife in purchasing supplies for the farm; indeed, James Henderson dealt with and controlled this, together with the whole estate conveyed, except in name, as though the conveyance had not been made up to the bankruptcy, and to his death, and it is difficult to arrive at any other conclusion than that such was the intention and purpose, at the time the conveyance was made, or that it was for any other purpose than to place his property out of the reach of his creditors, and being so, for this reason, the conveyance must be declared void.

But it is insisted that the proof shows that most of the lands mentioned in the pleadings were purchased and paid for with the money of Mrs. Henderson, and that she is entitled in equity to them, as a resulting trust. It is certainly true that when a husband, without any instruction from the wife, uses her money in the purchase and payment of property, and takes the title in his own name, she may, if she so elect, set up a resulting trust to it, or she may treat it as a loan which she will be presumed to have done unless she take steps within a reasonable time to set up her trust after she shall have been informed of its disposition, at least so far as his creditors are concerned, who may have given him credit upon the faith of his owning it in his own name. But to create this resulting trust it must be made clearly to appear that it was her money, and paid at the time of the purchase, if paid at a subsequent time

to the purchase the trust cannot be maintained. The proof is too vague and uncertain to establish this trust; and besides, according to the proof, about fifteen years elapsed' after the purchase before this attempted conveyance, and nearly twenty years before its operation, and on either ground must be denied.

The result is that the conveyance made on the 25th of October, 1866, must be declared void, and the lands mentioned decreed subject to the payment of the debts of the bankrupt as they existed on the 5th day of December, 1868, when he filed his petition in bankruptcy, but subject to his homestead right, which continues to his widow. Three commissioners must be appointed to allot and set off to her so much of said land as would on the 5th day of December, 1868, have been of the value of fifteen hundred dollars, and not to exceed one hundred and sixty acres, including the dwelling houses and improvements occupied by the bankrupt as a homestead at that time. There will also be a decree entered directing the assignee to sell off the remainder of the land in such tracts as will likely produce most advantageous sale. The proceeds will be brought into court to be applied to the payment of the claims of creditors according to their respective priorities. Mrs. Henderson will be allowed to establish any legal demand she may have against the estate, but such claim must be established by the best attainable proof. It is the duty of the court to examine with scrutiny these old family transactions, that justice may be done.